JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
    E-mail: cjohnson@johnsonpham.com
Christopher Q. Pham, SBN: 206697
    E-mail: cpham@johnsonpham.com
Marcus F. Chaney, SBN: 245227
    E-mail: mchaney@johnsonpham.com
Hung Q. Pham, SBN: 276613
    E-mail: ppham@johnsonpham.com
6355 Topanga Canyon Boulevard, Suite 326
Woodland Hills, California 91367
Telephone:  (818) 888-7540
Facsimile:  (818) 888-7544

Attorneys for Plaintiff
SPECIALIZED BICYCLE COMPONENTS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

CV13-00943 DDP(MLGx)

| | |
|---|---|
| SPECIALIZED BICYCLE COMPONENTS, INC., a California corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>ILAN DEMBSKI, an Individual d/b/a LA EXPEDITORS, and DOES 1-10, Inclusive,<br><br>        Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND DECLARATORY RELIEF:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT** [15 U.S.C. § 1114/Lanham Act §32(a)];<br>**(2) FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION** [15 U.S.C. §1125(a)/Lanham Act §43(a)];<br>**(3) TRADEMARK DILUTION** [15 U.S.C. §1125(c)];<br>**(4) UNFAIR BUSINESS PRACTICES** [*CALIFORNIA BUSINESS & PROFESSIONS CODE* §17200]; and<br>**(5) UNFAIR COMPETITION** (California Common Law)<br><br>**[DEMAND FOR JURY TRIAL]** |

///
///
///

1    COMES NOW, Plaintiff SPECIALIZED BICYCLE COMPONENTS, INC.

2  ("Plaintiff"), to hereby file its Complaint against ILAN DEMBSKI, an individual

3  doing business as LA EXPEDITORS, and DOES 1-10, inclusive (collectively

4  "Defendants").

5                                **PARTIES**

6    1.    Plaintiff is now, and was at the time of the filing of this Complaint

7  and at all intervening times, a California corporation with its principal place of

8  business in Morgan Hill, California.

9    2.    Plaintiff is informed and believes that Defendant ILAN DEMBSKI is

10 now, and was at the time of the filing of this Complaint and at all intervening

11 times, an individual d/b/a LA EXPEDITORS residing in Tarzana, California.

12   3.    The true names and capacities, whether individual, corporate,

13 associate or otherwise, of Defendants herein named as DOES 1-10, inclusive, are

14 unknown to Plaintiff.  Plaintiff therefore sues said Defendants by such fictitious

15 names.  When the true names and capacities of said Defendants have been

16 ascertained, Plaintiff will amend this pleading accordingly.

17   4.    Plaintiff further alleges that Defendant ILAN DEMBSKI, and DOES

18 1-10, inclusive, sued herein by fictitious names are jointly, severally and

19 concurrently liable and responsible with the named Defendants upon the causes of

20 action hereinafter set forth.

21   5.    Plaintiff is informed and believes and thereon alleges that at all times

22 mentioned herein Defendant ILAN DEMBSKI, and DOES 1-10, inclusive, and

23 each of them, were the agents, servants and employees of every other Defendant

24 and the acts of each Defendant, as alleged herein, were performed within the

25 course and scope of that agency, service or employment.

26                         **JURISDICTION/VENUE**

27   6.    This Court has jurisdiction over the subject matter of the First and

28 Second Causes of Action (violation of the Lanham Act) pursuant to 15 U.S.C.

- 2 -
**COMPLAINT FOR DAMAGES**

§1121 and/or 28 U.S.C. §§ 1331 and/or 1338(a).

7.     This Court has personal jurisdiction over Defendants because Defendants have committed the tortious illegal activities of trademark infringement and unfair competition in this district and/or Defendants have sufficient minimum contacts with this district such that the exercise of jurisdiction over Defendants by this Court does not offend traditional notions of fair play and substantial justice. Among other things, Defendants have advertised, offered to sell and sold products that infringe the trademarks of Plaintiff to consumers within this judicial district. Defendants have also offered to sell and actually sold counterfeit products (described more fully below) using an interactive internet website knowing or having reason to know that consumers throughout the United States, including within this judicial district, would purchase said counterfeit goods from Defendants, believing that they were authentic goods manufactured and distributed by Plaintiff or their authorized manufacturers.

8.     Additionally, supplemental jurisdiction exists over Defendants because on information and belief, Defendants conduct business in California and in this judicial district, have purposefully directed action to California and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of California, such that this Court's assertion of jurisdiction over Defendants does not offend traditional notions of fair play and due process.

9.     Venue is proper in this district, *inter alia*, pursuant to 28 U.S.C. §1391(b) because, on information and belief, a substantial part of the events or omissions giving rise to these claims occurred in this judicial district, and has caused damage to Plaintiff in this district. The counterfeit SPECIALIZED®-branded product was purchased from California and Defendants purposefully shipped the counterfeit product into California. Moreover, the counterfeit SPECIALIZED®-branded product was paid with funds from a financial institution in California, and the transaction was processed through PayPal, Inc. located in

1 California.   Defendants' actions within this district directly interfere with and

2 damage Plaintiff's commercial efforts and endeavors and harm Plaintiff's goodwill

3 within this Venue.

## GENERAL ALLEGATIONS

### Plaintiff and its Well-Known SPECIALIZED®-Branded Products

6     10.   Plaintiff is one of the largest makers of high-end professional and

7 recreational bicycles, cycling accessories, and apparel.  Plaintiff and its products

8 bearing the federally registered SPECIALIZED® and S® marks have achieved

9 great success since their introduction in 1974.

10     11.   Plaintiff's bicycle and cycling related products have earned a

11 reputation for innovation, quality and performance, and Plaintiff has spent a

12 substantial amount of time, money and effort in developing consumer recognition

13 and awareness of its SPECIALIZED® marks and products.  Plaintiff has also spent

14 a substantial amount of money on advertising in order to inform consumers of

15 Plaintiff's products and services.

16     12.   Through the extensive use of Plaintiff's marks, Plaintiff has built up

17 and developed significant goodwill in its entire product line.  A wide array of

18 newspapers, magazines and television networks have included advertising of

19 Plaintiff's products, which are immediately identified by Plaintiff's

20 SPECIALIZED® and S® marks.

21     13.   As a result of Plaintiff's efforts, the quality of Plaintiff's products, the

22 high degree of promotion and the quality and popularity of the SPECIALIZED®

23 bicycles, the SPECIALIZED® and S® marks have been prominently placed in the

24 minds of the public.  Consumers, purchasers and the members of the public have

25 become familiar with Plaintiff's intellectual property and products, and have come

26 to recognize the SPECIALIZED® and S® marks, and products and associate them

27 exclusively with Plaintiff. Plaintiff has acquired a valuable reputation and goodwill

28 among the public as a result of such association.  Indeed, the SPECIALIZED® and

S® marks are famous in the United States and around the world.

14.     While Plaintiff has gained significant common law trademark and other rights in its SPECIALIZED® products and services through their use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark registrations.  For example, Plaintiff owns United States Trademark Registrations for the S® and SPECIALIZED® marks (U.S. Reg. Nos. 3183096 and 3293615) attached hereto as **Exhibit A** and **Exhibit B**, respectively.

15.     Plaintiff has never authorized or consented to Defendants' use of Plaintiff's SPECIALIZED® or S® Trademarks, or any confusingly similar marks, colorable imitations, or copied or derivative works by Defendants; nor has Plaintiff authorized Defendants to manufacture, copy, offer for sale, sell, import, market, or distribute any SPECIALIZED® products.

### Defendants' Wrongful and Infringing Conduct

16.     Particularly in light of the success of Plaintiff and Plaintiff's products as well as the reputation it has gained, Plaintiff and its products have become targets for unscrupulous individuals and entities who wish to take a free ride on its goodwill, reputation and fame. Plaintiff has spent considerable time, effort and resources to build up its products and marks and to protect same.

17.     A large number of these individuals and entities deal in pirated and counterfeit SPECIALIZED® and/or S®-branded products.  Their actions vary and include manufacturing, copying, exporting, importing, advertising, promoting, offering for sale, selling, and distributing counterfeit and otherwise unauthorized products.

18.     Defendants use, amongst other things, the Internet auction website known as eBay to sell and distribute products, including counterfeit hard goods bearing Plaintiff's Trademarks, described above, to consumers.  At any given time, there are millions of items listed on eBay for bid or purchase by its more than one

1   million registered users.  Buyers have the option to purchase items in an auction-
2   style format where users bid on products or items can be purchased at a fixed price
3   through a feature referred to as "Buy It Now."  Using another eBay feature referred
4   to as "Feedback," users who have made a purchase on eBay are given the
5   opportunity to post positive, neutral or negative reviews in relation to their buying
6   experience.  While Feedback can give some indication of sales volume, empirical
7   evidence shows that actual sales far exceed the number of feedback entries a seller
8   receives.

9          19.    Defendants own and operate a webpage on eBay.com under the name
10  "nanogift."   Through this webpage, Defendants regularly and systematically
11  advertised, marketed, distributed and sold products bearing unauthorized
12  SPECIALIZED® and S® registered trademarks.  As of February 1, 2013, research
13  into Defendants' sales activity showed no less than 79 prior sales of purported
14  SPECIALIZED® products.

15         20.    Through such business activities, Defendants purposely derived
16  benefit from their interstate commerce activities by expressly targeting foreseeable
17  purchasers in the State of California.  But for Defendants' advertising, soliciting
18  and selling of counterfeit SPECIALIZED® products, Plaintiff would not have been
19  able to make a purchase of the subject product.

20         21.    On November 20, 2012, in its ongoing investigation of counterfeit
21  sales of SPECIALIZED® products from the State of California, Plaintiff's
22  investigator purchased a counterfeit SPECIALIZED® rib cage for a cost of $40.00
23  charged to the PayPal electronic payment account of Plaintiff's investigator.  A
24  true and correct copy of the PayPal Transaction Details in relation to same is
25  attached hereto as **Exhibit C**.

26         22.    Defendants intentionally and knowingly accepted Plaintiff's money
27  from a financial institution located in the State of California.

28  ///

23.   Defendants also intentionally and knowingly delivered the counterfeit product into the State of California.

24.   The product purchased from Defendants was inspected to determine authenticity.   The inspection of the purchased item confirmed that the item Defendants sold to the investigator was in fact a counterfeit SPECIALIZED® product.

25.   By these sales and, on information and belief, Defendants' other dealings in counterfeit product(s) (including importing, advertising, displaying, distributing, selling and/or offering to sell counterfeit and unauthorized product) Defendants violated and continue to violate Plaintiffs' exclusive rights in its trademarked materials, goods and services, and use images and marks that are confusingly similar to, identical to, and/or constitute counterfeit reproductions of Plaintiff's trademarks to confuse consumers and aid in the promotion and sales of its unauthorized product.  Defendants' conduct and use began long after Plaintiff's adoption and use of its SPECIALIZED® and S® trademarks, after Plaintiff obtained the trademark registrations alleged above, and after Plaintiff's marks became famous.  Indeed, Defendants had knowledge of Plaintiff's ownership of the marks, and of the fame in such marks, prior to the actions alleged herein, and adopted them in bad faith with an intent to cause confusion, tarnish, counterfeit and dilute Plaintiff's marks and products.  Neither Plaintiff nor any authorized agents have consented to Defendants' use of Plaintiff's SPECIALIZED® or S® trademarks in the manner complained of here.

26.   Defendants' actions were committed in bad faith and with the intent to dilute Plaintiffs' marks, and to cause confusion and mistake, and to deceive the consuming public and the public at large as to the source, sponsorship and/or affiliation of Defendants, and/or Defendants' counterfeit and unauthorized goods.  By its wrongful conduct, Defendants have traded upon and diminished Plaintiff's goodwill.

27.   In committing these acts, Defendants have, among other things, willfully and in bad faith committed the following acts, all of which have and will continue to cause irreparable harm to Plaintiff: (i) infringed, tarnished, counterfeited and diluted Plaintiff's rights in the SPECIALIZED® and S® marks; (ii) applied counterfeit marks; (iii) misled the public into believing there is an association or connection between Defendants and Plaintiff and/or the products advertised and sold by Defendants and Plaintiff; (iv) used false designations of origin on or in connection with its goods and services; (v) committed unfair competition; (vi) engaged in counterfeiting; and (vii) unfairly profited from such activity.   Unless enjoined, Defendants will continue to cause irreparable harm to Plaintiffs.

## FIRST CAUSE OF ACTION

**(Infringement of Registered Trademarks Against Defendants ILAN**

**DEMBSKI d/b/a LA EXPEDITORS, and DOES 1-10, Inclusive)**

**[15 U.S.C. §1114/Lanham Act §32(a)]**

28.   Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

29.   Plaintiff has continuously used its SPECIALIZED® and S® trademarks in interstate commerce.

30.   Plaintiff, as the owner of all right, title and interest in and to these trademarks, has standing to maintain an action for trademark infringement under the U.S. Trademark Statute 15 U.S.C. §1114.

31.   Defendants are and at the time of their actions complained of herein were actually aware that Plaintiff is the registered trademark holders of, among others, the SPECIALIZED® and S® marks.   See **Exhibit A** and **Exhibit B** attached hereto.

///

32. Defendants did not and failed to obtain the consent or authorization of Plaintiff, as the registered owner of the marks at issue, to deal in and commercially distribute, market and sell SPECIALIZED® products bearing Plaintiff's asserted marks into the stream of commerce.

33. Defendants intentionally and knowingly used in commerce the reproductions, counterfeits, copies, and/ or colorable imitations of Plaintiff's asserted marks in connection with the sale, offering for sale, distribution, or advertising of Defendant's goods by offering, advertising, promoting, retailing, selling, and distributing counterfeit SPECIALIZED® products bearing the SPECIALIZED® and S® marks.

34. Defendants reproduced, counterfeited, copied, and colorably imitated Plaintiff's registered SPECIALIZED® and S® marks and applied such reproductions, counterfeits, copies, or colorable imitations to labels, signs, prints, packages, wrappers, receptacles and/or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, and/or advertising of goods. Defendants thereupon offered, advertised, promoted, retailed, sold, and distributed counterfeit SPECIALIZED® products bearing the SPECIALIZED® and S® marks.

35. Defendants' egregious and intentional use and sale of fake and counterfeit items bearing Plaintiff's trademarks is likely to cause confusion, or to cause mistake, or to deceive, mislead, betray, and defraud consumers who believe that Defendants' items are authentic products manufactured by Plaintiff.

36. Defendants' acts have been committed with knowledge of Plaintiff's exclusive rights and goodwill in the marks, as well as with bad faith and the intent to cause confusion or to cause mistake and to deceive.

37. Plaintiff has suffered and will continue to suffer substantial and irreparable injury, loss and damage to its rights in and to the SPECIALIZED® and S® marks and the goodwill associated therewith, for which it has no adequate

1   remedy at law; thus Plaintiff requests injunctive relief.

2       38.   Defendants' continued and knowing use of Plaintiff's asserted marks

3   without Plaintiff's consent or authorization constitutes intentional infringement of

4   Plaintiff's federally registered trademarks in violation of Section 32 of the *Lanham*

5   *Act*, 15 *U.S.C.* §1114.  Based on such conduct, Plaintiff is entitled to injunctive

6   relief as well as monetary damages, and other remedies provided by section 1116,

7   1117, and 1118, including Defendants' profits, treble damages, reasonable

8   attorneys' fees, costs, statutory damages and/or prejudgment interest.

9                          **SECOND CAUSE OF ACTION**

10  **(False Designation of Origin & Unfair Competition Against Defendants ILAN**

11        **DEMBSKI d/b/a LA EXPEDITORS, and DOES 1-10, Inclusive)**

12              **[15 U.S.C. §1125(a)/Lanham Act §43(a)]**

13      39.   Plaintiff hereby incorporates by reference each of the other allegations

14  set forth elsewhere in this Complaint as though fully set forth in this cause of

15  action.

16      40.   Plaintiff, as the owner of all common law right, title, and interest in

17  and to the SPECIALIZED® and S® marks, has standing to maintain an action for

18  false designation of origin and unfair competition under the Federal Trademark

19  Statute, Lanham Act section 43(a) (15 U.S.C. §1125). Plaintiff's asserted marks

20  are descriptive, inherently distinctive and/or have acquired distinctiveness.

21      41.   Defendants have without authorization, on or in connection with its

22  goods and services, used in commerce marks that are confusingly similar to the

23  asserted marks, and/or has made false designations of origin which are likely to

24  cause confusion or cause mistake or to deceive as to the affiliation, connection or

25  association of Defendants with Plaintiff, and/or as to the origin, sponsorship or

26  approval of Defendants' goods or services or commercial activities.

27      42.   Defendants' conduct described above violates the Lanham Act, and

28  Defendants have unfairly competed with and injured and, unless immediately

1  restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an
2  amount to be determined at trial, and will cause irreparable injury to Plaintiff's
3  goodwill and reputation associated with the value of Plaintiff's marks.

4      43.   On information and belief, the conduct of Defendants has been
5  knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to
6  deceive and in blatant disregard of Plaintiff's rights.

7      44.   Defendants knew or by the exercise of reasonable care should have
8  known that their adoption and commencement of use in commerce and continuing
9  use of marks that are confusingly similar to and constitute a counterfeit
10 reproduction of Plaintiff's asserted marks would cause confusion, mistake, or
11 deception among purchasers, users and the public.

12     45.   Defendants' egregious and intentional use and sale of fake, pirated
13 and counterfeit items bearing Plaintiff's asserted marks unfairly competes with
14 Plaintiff and is likely to cause confusion, mistake, or to deceive, mislead, betray,
15 and defraud consumers to believe that the substandard imitations are genuine
16 SPECIALIZED® or products.

17     46.   Defendants' continuing and knowing use of Plaintiff's asserted marks
18 constitutes false designation of origin and unfair competition in violation of
19 Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a), causing Plaintiff to suffer
20 substantial and irreparable injury for which it has no adequate remedy at law.

21     47.   Defendants' wrongful conduct has permitted or will permit it to make
22 substantial sales and profits on the strength of Plaintiff's marketing, advertising,
23 sales and consumer recognition.  As a direct and proximate result of Defendants'
24 wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of
25 sales of its SPECIALIZED® products in an amount as yet unknown but to be
26 determined at trial, and has been deprived and will be deprived of the value of their
27 marks as commercial assets in an amount as yet unknown but to be determined at
28 trial.  Plaintiff seeks damages and an accounting of Defendants' profits, and

1  requests that the Court grant Plaintiff three times that amount in the Court's
2  discretion.

3     48.   Based on Defendants' wrongful conduct, Plaintiff is entitled to
4  injunctive relief as well as monetary damages, and other remedies as provided by
5  the Lanham Act, including Defendants' profits, treble damages, reasonable
6  attorneys' fees, costs and prejudgment interest.

7                        **THIRD CAUSE OF ACTION**
8  **(Dilution Against Defendants ILAN DEMBSKI d/b/a LA EXPEDITORS, and**
9                        **DOES 1-10, Inclusive)**
10                       **[15 U.S.C. §1125(c)]**

11    49.   Plaintiff hereby incorporates by reference each of the other allegations
12 set forth elsewhere in this Complaint as though fully set forth in this cause of
13 action.

14    50.   Plaintiff's asserted marks are distinctive and famous within the
15 meaning of the Lanham Act.

16    51.   Upon information and belief, Defendants' unlawful actions began
17 long after Plaintiff's marks became famous, and Defendants acted knowingly,
18 deliberately and willfully with the intent to trade on Plaintiff's reputation and to
19 dilute Plaintiff's asserted marks.   Defendants' conduct is willful, wanton and
20 egregious.

21    52.   Defendants' intentional sale of fake, pirated and counterfeit items
22 bearing Plaintiff's marks is likely to cause confusion, mistake, or to deceive,
23 mislead, betray, and defraud consumers to believe that the substandard imitations
24 are genuine SPECIALIZED® products. The actions of Defendants complained of
25 herein have diluted and will continue to dilute Plaintiff's asserted and other marks,
26 and are likely to impair the distinctiveness, strength and value of Plaintiff's marks,
27 and injure the business reputation of Plaintiff and its marks.
28 ///

53.    Defendants' acts have caused and will continue to cause Plaintiff irreparable harm.  Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendants' unlawful acts, unless they are enjoined by this Court.

54.    As the acts alleged herein constitute a willful violation of section 43(c) of the Lanham Act, 15 U.S.C. section 1125(c), Plaintiff is entitled to injunctive relief as well as monetary damages and other remedies provided by 15 U.S.C. §§1116, 1117, 1118, and 1125(c), including Defendants' profits, actual and statutory damages, treble damages, reasonable attorney's fees, costs and prejudgment interest.

## FOURTH CAUSE OF ACTION

### (Unlawful, Unfair, Fraudulent Business Practices Against Defendants ILAN DEMBSKI d/b/a LA EXPEDITORS, and DOES 1-10, Inclusive)

*[California Business & Professions Code §17200 et seq.]*

55.    Plaintiff hereby incorporates by reference each of the other allegations set forth elsewhere in this Complaint as though fully set forth in this cause of action.

56.    By marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit SPECIALIZED® products, Defendants have engaged in unfair competition including unlawful, unfair and fraudulent business practices in violation of the California Business and Professions Code §17200 *et seq.*

57.    Defendants' marketing, advertising, promoting, selling and/or otherwise dealing in the counterfeit SPECIALIZED® products is in violation and derogation of Plaintiff's rights and is likely to cause confusion, mistake and deception among consumers and the public as to the source, origin, sponsorship, or quality of the goods of Defendant, thereby causing loss, damage and injury to Plaintiff and to the purchasing public.  Defendants' conduct was intended to cause such loss, damage and injury.

58.   Defendants knew or by the exercise of reasonable care should have known that their marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit products would cause confusion mistake or deception among purchasers, users and the public.

59.   By marketing, advertising, promoting, selling and/or otherwise dealing in and their continuing marketing, advertising, promoting, selling and/or otherwise dealing in counterfeit versions of Plaintiff's products and marks, Defendants intended to and did induce and intends to and will induce customers to purchase its products by trading off the extensive goodwill built up by Plaintiff in its marks.

60.   Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

61.   Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and have been and will be deprived of the value of their trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiff seeks restitution in this matter, including an order granting Defendants' profits stemming from its infringing activity, and its actual and/or compensatory damages.

62.   Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiff seeks injunctive relief.

63.   Plaintiff further requests a court order that an asset freeze or constructive trust be imposed over all monies and assets in Defendants' possession

1  which rightfully belong to Plaintiff.

2  ### FIFTH CAUSE OF ACTION

3  **(Unfair Competition Against Defendants ILAN DEMBSKI d/b/a LA**

4  **EXPEDITORS, and DOES 1-10, Inclusive)**

5  **[California Common Law]**

6  64.    Plaintiff hereby incorporates by reference each of the other allegations

7  set forth elsewhere in this Complaint as though fully set forth in this cause of

8  action.

9  65.    By marketing, advertising, promoting, selling and/or otherwise

10  dealing in the counterfeit SPECIALIZED® products, Defendants have engaged in

11  unfair competition including unlawful, unfair and fraudulent business practices in

12  violation of the common law of the State of California.

13  66.    Defendants' marketing, advertising, promoting, selling and/or

14  otherwise dealing in the counterfeit SPECIALIZED® products is in violation and

15  derogation of Plaintiff's rights and is likely to cause confusion, mistake and

16  deception among consumers and the public as to the source, origin, sponsorship, or

17  quality of the goods of Defendant, thereby causing loss, damage and injury to

18  Plaintiffs and to the purchasing public. Defendants' conduct was intended to cause

19  such loss, damage and injury.

20  67.    Defendants knew or by the exercise of reasonable care should have

21  known that their marketing, advertising, promoting, selling and/or otherwise

22  dealing in and their continuing marketing, advertising, promoting, selling and/or

23  otherwise dealing in the counterfeit products would cause confusion mistake or

24  deception among purchasers, users and the public.

25  68.    By marketing, advertising, promoting, selling and/or otherwise

26  dealing in and their continuing marketing, advertising, promoting, selling and/or

27  otherwise dealing in counterfeit versions of Plaintiff's products and marks,

28  Defendants intended to and did induce and intends to and will induce customers to

purchase its products by trading off the extensive goodwill built up by Plaintiff in its marks.

69.     Upon information and belief, the conduct of Defendants has been knowing, deliberate, willful, intended to cause confusion, or to cause mistake or to deceive, and in disregard of Plaintiff's rights.

70.     Defendants' wrongful conduct, as alleged above, has permitted and will permit them to make substantial sales and profits on the strength of Plaintiff's nationwide marketing, advertising, sales and consumer recognition, all of which Plaintiff invested substantial time and effort to create and protect.  As a direct and proximate result of Defendants' wrongful conduct, as alleged herein, Plaintiff has been and will be deprived of substantial sales of its products in an amount as yet unknown but to be determined at trial, and has been and will be deprived of the value of its trademarks as commercial assets, in an amount as yet unknown but to be determined at trial.  Plaintiff seeks an order granting Defendants' profits stemming from their infringing activity, and its actual and/or compensatory damages.

71.     Plaintiff has no adequate remedy at law for Defendants' continuing violation of its rights set forth above.  Plaintiff seeks preliminary and permanent injunctive relief.

72.     Plaintiff seeks exemplary or punitive damages for Defendants' intentional misconduct.

WHEREFORE, Plaintiff SPECIALIZED BICYCLE COMPONENTS, INC. prays for judgment against Defendants ILAN DEMBSKI d/b/a LA EXPEDITORS, and DOES 1-10, inclusive, and each of them, as follows:

1. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. §1114(a);

///

2. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. §1125(a);

3. For an award of Defendants' profits and Plaintiffs' damages in an amount to be proven at trial for trademark dilution under 15 U.S.C. §1125(c);

4. In the alternative to actual damages and Defendants' profits for the infringement and counterfeiting of Plaintiffs' trademarks pursuant to the Lanham Act, for statutory damages pursuant to 15 U.S.C. §1117(c), which election Plaintiffs will make prior to the rendering of final judgment;

5. For restitution in an amount to be proven at trial for unfair, fraudulent and illegal business practices under *Business and Professions Code* §17200;

6. For damages to be proven at trial for common law unfair competition;

7. For temporary, preliminary and permanent injunctive relief from this Court prohibiting Defendants from engaging or continuing to engage in the unlawful, unfair, or fraudulent business acts or practices described herein, including the advertising and/or dealing in any counterfeit product; the unauthorized use of any mark, copyright or other intellectual property right of Plaintiffs; acts of trademark infringement or dilution; false designation of origin; unfair competition; and any other act in derogation of Plaintiffs' rights;

8. For an order from the Court requiring that Defendants provide complete accountings and for equitable relief, including that Defendants disgorge and return or pay their ill-gotten gains obtained from the illegal transactions entered into and or pay restitution, including the amount of monies that should have been paid if Defendants' complied with their legal obligations, or as equity requires;

9. For an order from the Court that an asset freeze or constructive trust be imposed over all monies and profits in Defendants' possession which rightfully belong to Plaintiffs;

10. For destruction of the infringing articles in Defendants' possession under 15 U.S.C. §1118;

11. For treble damages suffered by Plaintiffs as a result of the willful and intentional infringements and acts of counterfeiting engaged in by Defendants, under 15 U.S.C. §1117(b);

12. For damages in an amount to be proven at trial for unjust enrichment;

13. For an award of exemplary or punitive damages in an amount to be determined by the Court;

14. For Plaintiff's reasonable attorney's fees;

15. For all costs of suit; and

16. For such other and further relief as the Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff SPECIALIZED BICYCLE COMPONENTS, INC. respectfully demands a trial by jury in this action.

DATED: February 6, 2013                JOHNSON & PHAM, LLP


By: _____
Christopher D. Johnson, Esq.
Christopher Q. Pham, Esq.
Marcus F. Chaney, Esq.
Hung Q. Pham, Esq.
Attorneys for Plaintiff
SPECIALIZED BICYCLE COMPONENTS, INC.

# Exhibit A



## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

*To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date. (See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



*Jon W. Dudas*

*Director of the United States Patent and Trademark Office*

Int. Cl.: 12

Prior U.S. Cls.: 19, 21, 23, 31, 35 and 44

**United States Patent and Trademark Office**

Reg. No. 3,183,096
Registered Dec. 12, 2006

## TRADEMARK
### PRINCIPAL REGISTER



SPECIALIZED BICYCLE COMPONENTS, INC. (CALIFORNIA CORPORATION)
15130 CONCORD CIRCLE
MORGAN HILL, CA 95037

FOR: BICYCLES, AND BICYCLE PARTS AND ACCESSORIES, NAMELY, BICYCLE FRAMES, BICYCLE PUMPS, INNER TUBES, TIRES, SADDLES, HANDLEBAR GRIPS, HANDLEBAR SAFETY PADS, HANDLEBARS, HANDLEBAR TAPE, BRAKE LEVERS, HANDLEBAR STEMS, SEAT POSTS, AND WATER BOTTLE CAGES, IN CLASS 12 (U.S. CLS. 19, 21, 23, 31, 35 AND 44).

FIRST USE 5-6-1982; IN COMMERCE 5-6-1982.

OWNER OF U.S. REG. NO. 1,256,797.

SER. NO. 78-691,508, FILED 8-12-2005.

MARTHA FROMM, EXAMINING ATTORNEY

# Exhibit B



*The United States of America*

## CERTIFICATE OF REGISTRATION
### PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Director of the United States Patent and Trademark Office; and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are part of this certificate.*

***To avoid CANCELLATION of the registration, the owner of the registration must submit a declaration of continued use or excusable non-use between the fifth and sixth years after the registration date.*** *(See next page for more information.) Assuming such a declaration is properly filed, the registration will remain in force for ten (10) years, unless terminated by an order of the Commissioner for Trademarks or a federal court. (See next page for information on maintenance requirements for successive ten-year periods.)*



*Director of the United States Patent and Trademark Office*

Int. Cl.: 12

Prior U.S. Cls.: 19, 21, 23, 31, 35 and 44

**United States Patent and Trademark Office**

Reg. No. 3,293,615
Registered Sep. 18, 2007

### TRADEMARK
### PRINCIPAL REGISTER

# SPECIALIZED

SPECIALIZED BICYCLE COMPONENTS, INC.
(CALIFORNIA CORPORATION)
15130 CONCORD CIRCLE
MORGAN HILL, CA 95037

FOR: BICYCLES, BICYCLE PUMPS, INNER
TUBES, SADDLES, GRIPS, HANDLEBAR PADS,
HANDLEBAR TAPE, BRAKE LEVERS, SEAT POSTS
AND WATER BOTTLE CAGES , IN CLASS 12 (U.S.
CLS. 19, 21, 23, 31, 35 AND 44).

FIRST USE 4-1-1977; IN COMMERCE 4-1-1977.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 1,378,009.

SEC. 2(F).

SER. NO. 78-691,490, FILED 8-12-2005.

REBECCAH GAN, EXAMINING ATTORNEY

# Exhibit C

**PayPal**

Log Out | Help | Security and Protection                                    [Search]

## Transaction Details

**Express Checkout Payment Sent (Unique Transaction ID #26V73167FW461432G)**

### Original Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Nov 20, 2012 | Payment To ilan dembski | Completed | ... | -$45.00 USD |

### Related Transaction

| Date | Type | Status | Details | Amount |
|------|------|--------|---------|--------|
| Nov 20, 2012 | Add Funds from a Bank Account | Completed | Details | $45.00 USD |

**Shopping Cart Contents**

| Qty | Item | Options | Price |
|-----|------|---------|-------|
| 1 | SPECIALIZED CARBON FIBER RIB CAGE (BLACK/RED) S-WORKS NEW 2012 Item # 200847719658 | | $40.00 USD |
| | | Amount | $40.00 USD |

**Item Total:** $40.00 USD
**Sales Tax:**
**Shipping:** $5.00 USD
**Seller discount or charges:** $0.00 USD

**Total amount:** -$45.00 USD
**Fee amount:** $0.00 USD
**Net amount:** -$45.00 USD
**Date:** Nov 20, 2012
**Time:** 14:47:35 PST
**Status:** Completed

**Insurance:** $0.00 USD

**Shipping Address:** see jay
23679 Calabasas Rd
Apt 758
Calabasas, CA 91302-1502
United States
Confirmed ?

**Payment To:** ilan dembski   (The recipient of this payment is Verified)
**Seller's ID:** nanogift
**Seller's Email:** la.expeditors@gmail.com

**Funding Type:** Instant Transfer
**Funding Source:** $45.00 USD - J.P. MORGAN CHASE BANK, N.A. Checking (Confirmed) x-2785
**Back Up Funding Source:** MasterCard Credit Card XXXX-XXXX-XXXX-4844

**Tracking Number:** 9500100014B2232500118 ?
**Carrier:** USPS
**Order Status:** Shipped (Nov 20, 2012)

**Description:** Shopping Cart

Need help? If you have problems with an eBay transaction or want help settling a dispute with an eBay seller, go to the eBay Resolution Center. PayPal and eBay strongly recommend that you attempt to resolve issues directly with the seller whenever possible.

[Return to Log]

Copyright © 1999-2012 PayPal. All rights reserved.
Information about FDIC pass-through insurance

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## CV13- 943 DDP  (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

JOHNSON & PHAM, LLP
Christopher D. Johnson, SBN: 222698
Christopher Q. Pham, SBN: 206697
6355 Topanga Canyon Blvd., Suite 326
Woodland Hills, California 91367
Telephone: (818) 888-7540  Fax: (818) 888-7544

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPECIALIZED BICYCLE COMPONENTS, INC., a California corporation,<br><br>PLAINTIFF(S)<br><br>v.<br><br>ILAN DEMBSKI, an individual d/b/a LA EXPEDITORS, and DOES 1-10, Inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-00943 DDP (ML ᵇx)<br><br><br>**SUMMONS** |

TO:   DEFENDANT(S): <u>ILAN DEMBSKI, an individual d/b/a LA EXPEDITORS, and DOES 1-10,</u>
<u>Inclusive</u>

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Christopher Q. Pham, Esq.</u>, whose address is <u>6355 Topanga Canyon Blvd., Suite 326, Woodland Hills, California 91367</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

FEB - 8 2013

Dated: _____

Clerk, U.S. District Court

JULIE PRADO

By: _____
        Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| SPECIALIZED BICYCLE COMPONENTS, INC., a California corporation, | ILAN DEMBSKI, an individual d/b/a LA EXPEDITORS, and DOES 1-10, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| JOHNSON & PHAM, LLP<br>6355 Topanga Canyon Boulevard, Suite 326, Woodland Hills, CA 91367<br>Telephone: (818) 888-7540 Fax: (818) 888-7544 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No    ☐ MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 U.S.C. Sections 1114; 1125(a); and 1125(c) for Trademark Infringement; False Designation of Origin/Unfair Competition/False or Misleading Advertising; Dilution

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY- | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

CV13-00943

FOR OFFICE USE ONLY:    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No   ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Santa Clara County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _____   Date February 6, 2013

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |